UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TUDOR INSURANCE COMPANY, a New Hampshire Corporation,<br><br>                    Plaintiff,<br><br>       v.<br><br>HELLICKSON REAL ESTATE, et al.,<br><br>                    Defendants. | CASE NO. C10-5925BHS<br><br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |

        This matter comes before the Court on Defendants motion to compel (Dkt. 13). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.  PROCEDURAL HISTORY

        On December 21, 2010, Plaintiff Tudor Insurance Company ("Tudor") filed a complaint against Defendants for declaratory relief.  Dkt. 1 ("Complaint").  Tudor seeks a declaration that it has no duty to defend or indemnify Defendants in an underlying action. *Id*.

        On March 25, 2011, Defendants filed a motion to compel.  Dkt. 13.  On April 11, 2011, Tudor responded.  Dkt. 15.  On April 15, 2011, Defendants replied.  Dkt. 17.  On April 20, 2011, Tudor filed a surreply.  Dkt. 21.

## II.  FACTUAL BACKGROUND

        In August 2010, Tudor issued an Errors & Omissions Liability Policy No. EOP0036016, effective August 29, 2010 to August 29, 2011, to Hellickson Real Estate

d/b/a Hellickson.com, the Short Sale Co., Perfect Fit Homes, and Club Wealth. Complaint, Exh. D (the "Policy").  On September 2, 2010, a claim was made against some of the Defendants by the Washington Department of Licensing. Complaint, ¶¶ 3.1, 3.2.

On September 29, 2010, the above-named insureds tendered defense to Tudor.  *Id*. ¶ 3.3.  On December 15, 2010, Tudor rescinded the insurance policy.  *Id*. ¶ 3.16.  Tudor filed this declaratory judgment action soon thereafter.

On February 8, 2011, Defendants sent Tudor their 1st Interrogatories and Request for Production.  Dkt. 14, Declaration of Joseph Scuderi ("Scuderi Dec."), ¶ 2.  Defendants requested documents relating to Tudor's decision to deny or limit coverage of the claim and documents relating to Tudor's decision to rescind the policy.  *Id*., Exh. A.  Tudor objected because responsive documents were "protected by the attorney-client privilege and/or the work product doctrine."  *Id*.

Tudor did produce a privilege log declaring that some documents relating to "claims analysis" were withheld due to the attorney-client privilege and/or the work product doctrine.  *Id*., Exh. B.  Defendants specifically identify one document dated December 17, 2010 regarding "reserves."  Dkt. 13 at 10; *see also*, Scuderi Dec., Exh. B at 1.

## III.  DISCUSSION

Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  Discovery must be limited if the Court determines that the discovery sought is unreasonably cumulative or duplicative or is obtainable from a more convenient, less burdensome, or less expensive source; that the seeking party has had ample opportunity to obtain the information sought; or that the burden or expense of the discovery request outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C).

If a party fails to answer an interrogatory or a request for production, the party may move to compel disclosure.  Fed. R. Civ. P. 37(a)(3)(B).  The motion must certify that the parties have made a good faith effort to confer and resolve the dispute themselves.  Fed. R. Civ. P. 37(a)(1).  A good faith effort to confer "requires a face-to-face meeting or a telephone conference."  Local Rule CR 37(a)(2)(A).

A.    Claim File

In this case, Defendants request that the Court compel Tudor to produce documents that are being withheld under claims of privilege and work product.  Dkt. 13 at 1.  The party claiming the privilege has the burden to establish that it applies to the documents in question.  *See Heath v. FN Zolotoi*, 221 F.R.D. 545, 549 (W.D. Wash. 2004) (work product) and *Dietz v. Doe*, 131 Wn.2d 835, 844 (1997) (attorney-client privilege).  Defendants assert that "Tudor has not explained or established why the privilege should apply . . . ."  Dkt. 17 at 7.  The Court agrees, as Tudor's brief is completely devoid of a legal argument or cite to a relevant case.  *See* Dkt. 15.  Therefore, the Court grants Defendants' motion to compel because Tudor has failed to meet its burden of establishing that privilege applies to the documents listed in its privilege log.

B.    Reserve Document

Defendants request that the Court order Tudor to produce the document dated December 17, 2010 regarding "reserves."  Dkt. 13 at 11.  Tudor objects on the basis of relevancy.  Dkt. 15 at 4.  Washington courts have suggested that relevance is rarely a proper ground in a bad faith case for refusing to produce documents contained in the

insurer's claims file.  *See, e.g., Escalante v. Sentry Ins. Co.*, 49 Wn. App. 375, 393 n. 10 (1987), *disapproved of on other grounds by Ellwein v. Hartford Accident & Indem. Co.*, 142 Wn.2d 766 (2001) (noting that "In general, the relevancy objections raised by [the insurer] . . . are meritless because the very nature of most bad faith actions makes most, if not all, of the insurer's claims file relevant.").

Tudor has failed to convince the Court that relevancy is a proper ground for objecting to this reserve report.  Therefore, the Court grants Defendants' motion and Tudor shall produce this document.

**C.    Sanctions**

If a party's motion to compel is granted, "the court *must* . . . require the parties whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A). The motion to compel has been granted and Tudor's conduct necessitated the motion. Therefore, the Court orders Tudor to pay Defendants' reasonable expenses incurred in making the motion.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to compel (Dkt. 13) is **GRANTED**.

DATED this 24th day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge